UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PHIL & KATHY'S, INC.,                   :
                                          Plaintiff,       :
                                                  :           **OPINION**
                                                  :
                  v.                    :           06 CV 4916 (LBS)
                                                  :
                                                  :
SAFRA NATIONAL BANK OF                  :
NEW YORK,                               :
                                                  :
                             Defendant.      :
------------------------------------------------------------x

Appearances

*Plaintiff*
Lewis Donald Prutzman, Jr.
Tannenbaum Helpern Syracuse & Hirschtritt LLP
900 Third Avenue
New York, NY 10022

Thomas J. Verticchio
Patzik Frank & Samotny, LTD.
150 South Wacker Drive
Suite 900
Chicago, IL 60606

*Defendant*
Barry R. Fischer
Fischer & Mandell LLP
646 Fifth Avenue 15th Floor
New York, NY 10036

SAND, J.,

Plaintiff Phil & Kathy's, Inc. filed this suit seeking to recover $1,500,000 it claims was erroneously deposited into an account and disbursed to a third party by defendant Safra National Bank. Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure calls on this Court to determine whether upon a bank's receipt of a payment order to a non-identifiable or nonexistent customer the order is void by operation of law or whether the recipient bank is entitled to act pursuant to an amendment of the order. The Court finds New York's Uniform Commercial Code (UCC) § 4-A-211(4) dispositive because it allows a recipient bank to await and act upon a timely amendment of a payment order, and accordingly dismisses the complaint.

JURISDICTION AND FACTUAL BACKGROUND

Plaintiff is an Illinois corporation in the business of repackaging and selling prescription drugs. (Compl. ¶ 1.) Defendant is a national banking association with its main office in New York City, with no branches in Illinois. (Id. ¶ 2.) The parties are properly before this Court pursuant to diversity jurisdiction. 28 U.S.C. § 1391.

On July 2, 2003, plaintiff's authorized agent, Phil Giannino, went to the bank maintaining plaintiff's account in Illinois, Harris Trust and Savings Bank. (Compl. ¶ 7.) Giannino asked Harris Bank to wire $1,500,000 from plaintiff's account to defendant, who was to put the money into a designated beneficiary account. (Id.) The payment order requested by Giannino identified the beneficiary account's owner as "Banco Do Brasil SA/Protekmika Do Brasil." (Id.) Harris processed the request for the payment order that same day. (Id.) The beneficiary account was misidentified, making payment

to the beneficiary impossible. (Id. ¶ 10.) Plaintiff was made aware of this on July 3, 2003. (Id.) Banco do Brasil advised plaintiff to change the name on the payment order to "Blue Vale" in order to have the payment order properly processed. (Id. ¶ 13.) Giannino returned to Harris on July 3 and made a second $1,500,000 payment order, this time to Blue Vale. (Id.) After Giannino left Harris Bank on July 3 an agent for Harris Bank sent the first of three urgent wires to defendant asking it to amend the original payment order so that Blue Vale would receive the payment.[1] (Decl. of Barry Fischer, ex. 1.)

Defendant received the second payment order, and processed it on the next business day, which was July 7, 2003 due to the Independence Day holiday. (Id. ¶ 17.) The second order was successfully credited to Blue Vale's account by defendant. (Id.)

On July 9, 2003, five business days after the initial payment order was placed on July 2 defendant credited Blue Vale with the $1,500,000 as specified by the wire orders amending the initial payment order. (Id. ¶ 18.) On June 26, 2006, plaintiff instituted suit in the Southern District of New York to recover from defendant the excess $1,500,000 in addition to costs and interest. (Id. ¶ 21.) Plaintiff contends that because no beneficiary was identifiable by defendant on July 2 that the payment order was cancelled by operation of law. (Id. at 5.) Defendant argues that UCC § 4-A-211(4) gives banks a five business day window to allow amendments to payment orders, and that the payments only become void by operation of law after the end of five days. (Mot. to Dismiss Hr'g Tr. 5.)

---

[1] Harris Bank is currently being sued by plaintiff in Chicago, Illinois, with trial set for December 4, 2006. (Mot. to Dismiss Hr'g Tr. 2, Oct. 25, 2006.) Defendant was initially a co-defendant in the Chicago litigation, but was dismissed for lack of personal jurisdiction. The parties stipulated that they would prefer to resolve this motion independently of the outcome of the Chicago litigation. (Id. at 3.)

STANDARD FOR MOTION TO DISMISS

A court considering a motion to dismiss for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6) will consider all material factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Lee v. Bankers Trust Co., 166 F.3d 540, 543 (2d Cir. 1999). The complaint will be dismissed "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle [him] to relief." Dorchester Invs. v. Peak Int'l Ltd., 134 F. Supp. 2d 569, 574 (S.D.N.Y. 2001) (quotation omitted). The laws of the location of the recipient bank govern in wire transfer cases; in this case New York law applies. N.Y.U.C.C. § 4-A-103(a)(1) ("The rights and obligations between the sender of a payment order and the receiving bank are governed by the law of the jurisdiction in which the receiving bank is located.").

DISCUSSION

Though plaintiff states no specific statutory or common law basis for the suit, it is clear that the facts of this case fall within the provisions of Article 4A of the UCC. UCC Article 4A is a comprehensive scheme enacted to govern electronic wire transfers of the sort engaged in here. See official comment to N.Y.U.C.C. § 4-A-101. Additionally, "parties whose conflict arises out of a funds transfer should look first and foremost to Article 4-A for guidance in bringing and resolving their claims." Sheerbonnet, Ltd. v. Am. Express Bank, Ltd., 951 F. Supp. 403, 407 (S.D.N.Y. 1995). Accordingly this Court will view the facts of this case in light of the UCC.

The processing scheme for an ordinary payment order is set forth in Article 4-A. The statute is triggered by placement of a "payment order" with the receiving bank, in this case defendant Safra National Bank. See N.Y.U.C.C. § 4-A-104(a). A "payment order" is an order to the recipient bank to pay a fixed amount of money to a beneficiary. See N.Y.U.C.C. § 4-A-103(a)(1). The payment order is given to the recipient bank by "the sender," here, Harris Bank. See N.Y.U.C.C. § 4-A-103(e). A recipient bank is unable to accept payment "if the beneficiary of the payment order does not have an account with the receiving bank…" N.Y.U.C.C. § 4-A-209(3)(2). It follows that if the beneficiary's "name, bank account number or other identification of the beneficiary refers to a nonexistent or unidentifiable person or account, no person has rights as a beneficiary of the order and acceptance of the order cannot occur." N.Y.U.C.C. § 4-A-207(1). But this does not mean that a payment order's unidentifiable beneficiary serves to eradicate the order itself, as the order can be freely amended or cancelled. N.Y.U.C.C. § 4-A-211(2) ("[A] communication by the sender canceling or amending a payment order is effective to cancel or amend the order if notice of the communication is received at a time and in a manner affording the receiving bank a reasonable opportunity to act on the communication" before acceptance.). Additionally, "[a]n unaccepted payment order is cancelled by operation of law at the close of the fifth funds-transfer business day of the receiving bank after the execution date or payment date of the order." N.Y.U.C.C. § 4-A-211(4).

Applying the UCC to the facts of this case, it is clear that defendant dealt with the two payment orders correctly. The second payment order followed the usual course of acceptance and dispersal, and is not in contest. As for the first payment order it is clear

that defendant was in receipt of it on July 2 but that the order had an unidentifiable beneficiary. Accordingly defendant could not accept the payment order of July 2 and pay out the fixed sum. However plaintiff is incorrect in asserting that because there was no identifiable beneficiary the payment order of July 2 became a nullity. The UCC clearly states that a sender may amend or cancel a payment order prior to acceptance. See N.Y.U.C.C. § 4-A-211(2). Acting as the sender, Harris Bank wired defendant three separate times asking it to amend the payment order of July 2, which it did. Harris Bank could have cancelled the first payment order or allowed the five day period to lapse. Instead Harris chose to amend the order. Once the order was amended to include an identifiable beneficiary, Blue Vale, defendant could accept the payment order and credit Blue Vale with the fixed amount of money plaintiff desired to give it. The UCC gives banks five business days to accept a payment order. See N.Y.U.C.C. § 4-A-211(4). Defendant complied with the UCC by accepting the first payment order on July 9, which was five business days after July 2. Similarly, defendant acted properly under the UCC when it accepted the second payment order of July 3 and credited Blue Vale with the additional $1,500,000.

      Plaintiff's claim that the first payment order was a nullity ignores the language and structure of the UCC which deals logically and chronologically with what may occur when an initial payment order improperly sets forth the identity of the beneficiaries and when these events may take place. The claim that the first order is an unamendable nullity simply ignores the language of N.Y.U.C.C. § 4-A-211(2) and its obvious purpose. Equally unavailing is plaintiff's claim that it suffered prejudice because the defendant did not immediately apprise it of the original error. Defendant had no duty to alert plaintiff

6

of the error, as the UCC provided sequence for amendment or cancellation does not require the recipient bank to act. In fact plaintiff was apprised of the error the day after the original order was sent when Blue Vale notified it that the money had yet to be dispersed. At this point a distinct second payment order was placed, but this had no effect on the initial unaccepted payment order which plaintiff remained free to cancel or amend at any point prior to the expiration of the five day window provided for by the UCC. Plaintiff paid out $1,500,000 more than it wanted to when it both amended its initial payment order with Harris Bank and issued a second $1,500,000 payment order, but this excess outlay is not the result of defendant's conduct, which comported entirely with the UCC.

CONCLUSION

Because the facts as alleged in the complaint show that defendant complied with all applicable provisions of the UCC, plaintiff is unable to prove any set of facts that would entitle it to relief. Therefore, defendant's motion to dismiss for failure to state a claim is granted.

SO ORDERED.

Dated:    New York, New York
          November 6, 2006

                              /s/ Leonard B. Sand
                                  U.S.D.J.